UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-1261 PA (BFMx) | Date | October 15, 2026 |
| Title | Lirong Wang v. Pam Bondi, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

On August 10, 2026, plaintiff Lirong Wang ("Plaintiff") filed a request for entry of default by the clerk seeking the default of defendants United States Attorney General; Secretary of the Department of Homeland Security; and Director of United States Citizenship and Immigration Services' Los Angeles Asylum Office (collectively "Defendants").[1] The Court, in a September 1, 2026 Minute Order, ordered entry of default against Defendants and ordered Plaintiff to file a motion for default judgment or other appropriate dispositive motion on or before October 1, 2026. The Court warned that the "[f]ailure to file a dispositive motion by that date may result in dismissal of this action without further notice by the Court." (Docket No. 23.) The Clerk entered Defendants' default on September 3, 2026. As of today's date, and despite the expiration of the deadline to do so, Plaintiff has not filed a Motion for Default Judgment.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current officers in each of these roles are substituted as parties in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1261 PA (BFMx) | Date | October 15, 2026 |
|---|---|---|---|
| Title | Lirong Wang v. Pam Bondi, et al. | | |

appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss Plaintiff's claims. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third Henderson factor at least marginally favors dismissal because Defendants may be further prejudiced unless the claims against them are dismissed. See Yourish, 191 F.3d at 991. Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file a response by the deadline stated in the Court's Order. Nevertheless, Plaintiff has taken no action whatsoever. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned this action and failed to comply with the Court's Order. The Court therefore dismisses Plaintiff's claims without prejudice for lack of prosecution and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.